UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| QUANTINA BOSTIC,<br><br>Plaintiff,<br>v.<br><br>VALDOSTA STATE PRISON et al.,<br><br>Defendants. | CASE NO. 3:26-cv-05828-DGE<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT |

This matter comes before the Court on *sua sponte* review pursuant to 28 U.S.C. §1915(a). Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). "The standard for determining whether [a] [p]laintiff has failed to state a claim upon which relief can be granted

under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").

Plaintiff's Complaint is facially deficient for several reasons. First, the plaintiff is identified inconsistently at times as Quantina Bostic and at times as Nathaniel Smith Jr. (Dkt. No. 3 at 1, 4.) Moreover, to the extent Plaintiff Quantina Bostic intends to act on behalf of Nathaniel Smith, Jr., Bostic does not identify any authority or ability to do so.

Second, the defendant in this matter is also identified inconsistently at times as Valdosta State Prison and at times as Deputy Warna Marcus and Medical Director. (*Id*. at 1, 2.) Plaintiff also fails to identify any authority of this Court to exercise personal jurisdiction over these Georgia-based defendants who were acting in Georgia.

Third, Plaintiff does not identify on what basis this Court has subject matter jurisdiction over this claim. Plaintiff did not identify whether this matter was being brought based on federal question or diversity of citizenship jurisdiction. (*See id*. at 3.) Plaintiff identifies no provision of the United States Constitution or any federal law or treaty that was allegedly violated. Plaintiff's Complaint also identifies Georgia residents as both plaintiff and defendant in this matter (*see id*. at 4) and does not identify an amount in controversy in the section so designated (*id*. at 5).

Accordingly, the Court DISMISSES Plaintiff's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. In the event Plaintiff chooses to refile an amended complaint, Plaintiff shall file in the appropriate district in Georgia as this Court does

not appear to have personal jurisdiction over any defendant. The Clerk is directed to enter judgment and close this matter.

Dated this 6th day of August, 2026.

David G. Estudillo
United States District Judge